UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARGARET BROUILLARD, *also known as* MARGARET MARIA BANKERT <br><br> Petitioner, <br><br> v. <br><br> TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, et al., <br><br> Respondents. | Civil Action No. <br> 4:26-cv-10090-MRG |

## MEMORANDUM AND ORDER DENYING HABEAS RELIEF

**GUZMAN, J.**

Petitioner Margaret Brouillard (a.k.a Margaret Maria Bankert)[1] seeks habeas relief under 28 U.S.C. § 2241; however, rather than seeking release from her detention by Immigration and Customs Enforcement ("ICE"), Ms. Brouillard seeks declaratory and injunctive relief prohibiting her transfer out of the New England area, arguing it violates her constitutional right to due process. [See Am. Pet., ECF No. 9]. As explained below, the Court finds that Ms. Brouillard's request for relief is beyond the Court's habeas power and, therefore, the Petition must be **DENIED**.

**I.     BACKGROUND**

---

[1] Margaret Brouillard is Petitioner's former name when married to her ex-husband. Her correct legal name is Margarida Maria Bankert. For convenience of all parties, she is referred to as Ms. Brouillard, consistent with her record with the Immigration, Superior, and Massachusetts Appeals Courts.

Petitioner is a Portuguese national and lawful permanent resident of the United States. [Am. Pet. ¶ 21, ECF No. 9]. She is sixty-four years old and entered the U.S. when she was eleven years old. [Id.] She has been a lawful permanent resident for over fifty-three years, and has been married to a U.S. citizen for almost twenty years. [Id. ¶¶ 21–22]. In 1991, a jury convicted Petitioner of charges pursuant to M.G.L. c. 265, §§ 13B, 22(a), and 22A. [Id. ¶ 26]. The Massachusetts Appeals Court reversed the judgments and set aside the verdicts on May 22, 1996. [Id. ¶ 27]; Commonwealth v. Brouillard, 40 Mass. App. Ct. 448 (1996). On February 20, 1997, Petitioner pleaded guilty to the charges. [Am. Pet. ¶ 28]. From 1997 to 2025, it appears ICE did not pursue removal proceedings against Petitioner relating to her criminal convictions.

Then, on October 16, 2025, ICE agents arrested Petitioner outside her North Oxford, Massachusetts residence. [Id. ¶ 22]. Petitioner was initially detained in the Burlington, Massachusetts Enforcement and Removal Office for a few days before being transferred to the Cumberland County Jail in Portland, Maine. [Id. ¶ 24]. ICE placed Petitioner into removal proceedings at the Chelmsford Immigration Court, charging her as removable under 8 U.S.C. § 1227(2)(A)(iii), as an aggravated felon. [Id. ¶ 25]. Petitioner was moved back to Burlington, then transferred to the Donald W. Wyatt Detention Facility ("Wyatt"), located in Central Falls, Rhode Island. [ECF No. 19 at 2–3].

On November 25, 2025, Petitioner's counsel filed a Motion for New Trial to vacate Petitioner's 1997 guilty pleas with the Bristol County Superior Court. [Am. Pet. ¶ 29]. On information and belief, Petitioner argues she did not receive the required immigration warning pursuant to M.G.L. c. 278, § 29D, and pleaded under threat and coercion. [Id.] On December 30, 2025, Petitioner's counsel filed an Emergency Motion for Expedited Review of Motion for New Trial. [Id. ¶ 30]. On January 2, 2026, the Clerk Magistrate of the Superior Court ordered the District

Attorney's Office to respond to Petitioner's motion within 60 days. [Id. ¶ 31]. To the Court's knowledge, no other action has occurred in Petitioner's Superior Court proceedings and no hearing has been scheduled for her motion.

Regarding Petitioner's immigration proceedings, on January 9, 2026, Petitioner appeared for an individual hearing before the Chelmsford Immigration Judge, where the Judge granted the Department of Homeland Security's ("DHS") motion to pretermit Petitioner's application for relief under former Immigration and Nationality Act § 212(c), and ordered Petitioner removed to Portugal. [Id. ¶ 32]. On February 2, 2026, Petitioner filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"), which the BIA accepted on February 3, 2026. [ECF No. 19 at 3]. Petitioner is now awaiting a briefing schedule. [Id.]

Petitioner has been detained at several different facilities and alleges she received inadequate medical care relating to her asthma during her detention. [See ECF Nos. 19 & 20]. Petitioner's legal claims as presented in the Petition are not premised on her medical treatment during detention, but rather on "preserving meaningful access to counsel and the core due process rights threatened by transfer to some far-off location." [ECF No. 19 at 4]. Petitioner's most recent filing does assert that the inadequate medical treatment she received in ICE's care "endangered her health and impaired her physical ability to assist in her own legal representation." [ECF No. 26 at 9].

Petitioner does not contest that, with her convictions still standing, she is subject to detention pursuant to 8 U.S.C. § 1227(c) and that she has no other forms of relief in the Immigration Court. [Am. Pet. ¶ 3]. Petitioner does not challenge her custody, but rather seeks to challenge the conditions and location of her detention. Specifically, Petitioner is seeking: a declaration that her constitutional rights to due process would be violated if Respondents transfer

her out of the New England area during the pendency of her immigration and criminal proceedings; an injunction prohibiting such transfer outside of New England; and an order requiring Respondents to make her available for any necessary proceedings before the Bristol County Superior Court. [Am. Pet. at 8; ECF No. 19 at 7].

### A. <u>Procedural History</u>

Petitioner filed her Petition for Writ of Habeas Corpus on January 9, 2026 in the Eastern Division of this Court. [ECF No. 1]. The case was transferred to the Central Division on January 12, 2026. [ECF No. 3]. On January 22, 2026, an electronic order entered requiring 48 hours' notice prior to Respondents moving the Petitioner outside of the District of Massachusetts. [ECF No. 6]. The Court initially ordered Petitioner to show cause why this Court had jurisdiction over her when she was detained in Maine, [ECF No. 7]; however, Petitioner responded that she was currently detained in Burlington, Massachusetts. [ECF No. 8]. Petitioner then filed an Amended Petition on January 28, 2026. [ECF No. 9]. The Court subsequently issued an order prohibiting transfer outside of the District of Massachusetts without 72 hours' notice. [ECF No. 10]. Respondents filed a motion to waive the 72-hour advance notice period before transfer and a notice of intent to transfer Petitioner to Rhode Island. [ECF No. 12]. The Court permitted the transfer to Rhode Island, to which the Petitioner had assented, and issued an order prohibiting further transfer outside of New England without 72 hours' notice. [ECF No. 14]. Respondents filed their response to the Petition on February 4, 2026. [ECF No. 15]. Petitioner filed two responses to Respondents' filing. [ECF Nos. 19 & 20]. On February 18, 2026, Respondents filed a notice of intent to transfer the Petitioner to a detention center in Texas following the 72 hours' notice period. [ECF No. 23]. Petitioner filed a response to the second notice of intent to transfer on February 21, 2026. [ECF No. 26]. The Court held a hearing on February 23, 2026. [ECF No. 27].

## II.     LEGAL STANDARDS

Section 2241 provides federal courts with jurisdiction "to order the release of any person who is held in the custody of the United States in violation of the 'laws . . . of the United States' or the United States Constitution." Vasquez v. Moniz, 788 F. Supp. 3d 177, 180 (D. Mass. 2025) (quoting 28 U.S.C. § 2241(c)). The petitioner in custody has the burden to prove her detention is unlawful. Id. (citing Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009)). Noncitizens may file a § 2241 petition challenging their custody under a final order of removal "to the extent they claim that they are in custody in violation of federal law." Torres v. United States Immigr. & Customs Enforcement, No. 26-10939-RGS, 2026 U.S. Dist. LEXIS 35005, at *4 (D. Mass. Feb. 20, 2026).

The Court's habeas jurisdiction limits the type of relief that may be ordered. "Writs of habeas corpus can be used only to request release from custody." Vasquez, 788 F. Supp. 3d at 182 (citing Wilkinson v. Dotson, 544 U.S. 74, 78 (2005)). Habeas petitions are not the appropriate means to challenge a prisoner's circumstances of confinement, including a prisoner's location of custody. Id. (first citing Muhammad v. Close, 540 U.S. 749, 750 (2004), then citing Dowey v. Maine, No. 2:15-CV-138-NT, 2015 U.S. Dist. LEXIS 123262, at *16 (D. Me. Sept. 15, 2015) R. & R. adopted by 2015 U.S. Dist. LEXIS 140854 (D. Me. Oct. 16, 2015)). The First Circuit explained this boundary in Gonzalez-Fuentes v. Molina, 607 F.3d 864, 873 (1st Cir. 2010), writing,

> If the prisoner is seeking what can be fairly described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation . . . then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law. . . .

(quoting Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991)). Accordingly, the appropriate vehicle for a suit challenging a prisoner's conditions of confinement or location of confinement violates their constitutional rights is a civil rights action under 42 U.S.C. § 1983 (state actors) or a

5

Bivens action (federal actors), see Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). A request to prevent transfer "is outside the scope of this Court's habeas jurisdiction." Da Silva v. Baptiste, No. 25-cv-12754-BEM, ECF No. 9 (Electronic Order) (D. Mass. Oct. 30, 2025).

### III.   DISCUSSION

Petitioner's habeas claim must be denied because the Court lacks jurisdiction to issue a no-transfer order and, even if it did, Petitioner's claim of a due process violation is not yet ripe. As stated, Petitioner does not challenge the lawfulness of her custody. She is seeking injunctive and declaratory relief to prevent her transfer outside of New England. As grounds, Petitioner asserts that her due process rights would be violated if she were to be moved outside of New England because such a transfer would impair her access to counsel and her ability to participate in her criminal proceedings in Bristol County Superior Court and her BIA appeal. [ECF No. 19 at 6].

Under binding precedent from this jurisdiction, Petitioner's request to prohibit her transfer out of New England is outside the scope of habeas relief. See Gonzalez-Fuentes, 607 F.3d at 873 (quoting Graham, 922 F.2d at 381). Some out-of-circuit courts have found that under certain extreme circumstances, an out-of-state transfer may violate a detainee's right to assistance of counsel in removal proceedings; however, none of the extreme circumstances where such relief has been granted are present here. [See ECF No. 15 at 5–6 (collecting cases)]. While Petitioner cited District of Massachusetts cases that purportedly granted a no-transfer request through a habeas action, none of the courts in those cases actually granted the request. Valladares v. Hyde, No. 1:25-CV-13271-IT, 2025 WL 3719643 (D. Mass. Dec. 23, 2025) (granting entitlement to a bond hearing, but ultimately allowing transfer, see ECF No. 34 (Feb. 4, 2026)); Van Tran v. Hyde, No. 25-CV-12546-ADB, 2025 WL 3171210 (D. Mass. Nov. 13, 2025) (denying request to transfer the petition, not the actual detainee); Cortez Rivera v. Hyde, No. 1:25-CV-12390-IT, 2025 WL

2977900 (D. Mass. Oct. 22, 2025) (granting bond hearing). Petitioner's proper vehicle to challenge her location of confinement is through a civil rights action, not a habeas petition.

Even if the Court had jurisdiction to adjudicate this claim, Petitioner's arguments that her due process rights would be violated upon a transfer outside of New England are not ripe. This is not because the transfer itself has not happened yet. Indeed, Petitioner's transfer to Texas is more than imminent; the government has already filed a notice of intent to transfer her. [ECF No. 23]. Rather, Petitioner's assertions that she will be deprived of access to counsel or unable to participate in her criminal proceedings are too speculative at this point. Regarding access to counsel, Petitioner raises concerns about ICE policies – official and unofficial – that restrict counsel's ability to consult with clients or reach them by phone; however, she has not demonstrated that she will be subject to such harm in Texas. The Court is sympathetic to counsel's arguments that the cost of representing Petitioner pro bono increases substantially the farther away she is detained, but there is no constitutional right to affordable phone calls. Additionally, Petitioner's motion for new trial does not even have a hearing set, and there is no guarantee that she will be granted the relief she seeks. Nor has Petitioner established a right to appear at any future post-conviction proceedings in person. See Mass. R. Crim. P. 30(c)(6) (the presence of the moving party is not required to adjudicate a post-conviction motion). Further, Petitioner has not shown that she would be unable to attend such hearing virtually if she were transferred out of New England.

Finally, while Petitioner argued in her papers and at the hearing that her prolonged detention is unreasonable and that she is entitled to individualized review, a request for a bond hearing is not among the relief she seeks in her petition. [See Am. Pet.]. Indeed, Petitioner admits that her convictions are considered aggravated felonies and that she falls within 8 U.S.C. § 1226(c)'s mandatory detention provision. [ECF No. 19 at 13]. Petitioner has been detained for

about four months, and other courts considering prolonged detention under § 1226(c) have found periods greater than that insufficient to meet the unreasonable standard. See Rocha v. Barr, 422 F. Supp. 3d 472, 481 (D.N.H. 2019) (finding detention of eight months insufficiently long to support relief in the form of a bond hearing); Reid v. Donelan, 17 F.4th 1, 9 (1st Cir. 2021) ("six months of detention [does] not on its own necessarily trigger a constitutional right to a reasonableness hearing or bond hearing for a person already convicted of a crime that triggers detention under section 1226(c)"). Accordingly, even if Petitioner had sought a bond hearing, she would not be entitled to that relief.

## IV. CONCLUSION

Petitioner's claims challenging the location and conditions of her confinement must be brought as a civil rights action as the relief she seeks in barring her transfer outside of New England is beyond this Court's habeas jurisdiction. See Gonzalez-Fuentes, 607 F.3d at 873 (quoting Graham, 922 F.2d at 381). Should Petitioner file a civil rights action, she could properly raise her concerns about her medical treatment and seek appropriate emergency relief, if required. Without jurisdiction to act on her claims as pleaded at this moment, the Court must **DENY** Petitioner's request for habeas relief, ECF No. 9. Denying the Petition, the Court hereby **VACATES** its prior Orders, ECF Nos. 10 & 14.

**SO ORDERED.**

Dated: February 23, 2026

                                               /s/ Margaret R. Guzman
                                               Margaret R. Guzman
                                               United States District Judge